**Agnes L. ECKMAN, Plaintiff—Appellant,**

v.

**WAL–MART STORES, INC., Defendant—Appellee.**

**No. 04–56431.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Agnes L. Eckman, Palmdale, CA, pro se.

Jessica Fortner Hahn, Esq., Lewis Brisbois Bisgaard and Smith LLP, Costa Mesa, CA, Raymond E. Hane, Esq., Waller, Lansden, Dortch & Davis, LLP, Los Angeles, CA, for Defendant-Appellee.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM**

Agnes L. Eckman appeals pro se the district court's summary judgment for Wal–Mart Stores, Inc., in her diversity action alleging disability discrimination, intentional infliction of emotional distress, and wrongful termination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994), and we affirm.

The district court properly dismissed Eckman's disability discrimination claim for failure to exhaust administrative remedies because she failed to provide the court with a right to sue letter. *See Rodriguez v. Airborne Express,* 265 F.3d 890, 896 (9th Cir.2001) (exhaustion requires obtaining notice of the right to sue from the California Department of. Fair Employment and Housing).

■■■■■ The district court properly dismissed Eckman's intentional infliction of emotional distress claim because she failed to allege conduct that was extreme and outrageous. *See Braunling v. Countrywide Home Loans Inc.,* 220 F.3d 1154, 1158 (9th Cir.2000).

■■■■■ The district court properly granted summary judgment for Wal–Mart on Eckman's wrongful termination claim because she was an "at-will" employee and her termination did not violate public policy. *See* Cal. Labor Code § 2922; *Freund v. Nycomed Amersham,* 347 F.3d 752, 758 (9th Cir.2003) (holding that "at will" employment relationships allow employers to discharge employees for any reason that does not violate public policy). Furthermore, the record reflects that in the six months prior to her termination, Eckman had accumulated two unapproved "tardies," two unapproved "left earlies," and

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

five unapproved absences, which were grounds for termination under the company's attendance and punctuality policy. *See Freund,* 347 F.3d at 758; *Moreau v. Air France,* 356 F.3d 942, 953–54 (9th Cir.2004).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Charles C. Lovell, United States District Judge for the District of Montana, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the